**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV13-01275 JAK (SPx) | Date | August 28, 2013 |
| Title | Federal National Mortgage Association v. Jose M. Mendoza, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING ACTION TO THE RIVERSIDE COUNTY SUPERIOR COURT    JS-6

### I. Background

On April 11, 2013, Federal National Mortgage Association ("Plaintiff") filed an Unlawful Detainer action against Jose M. Mendoza, Maria T. Mendoza, and Does 1-10 ("Defendants") seeking possession of the property located at 2531 Oak Avenue, Corona, CA 92682. Dkt. 1, Exh. A. On July 22, 2013, Defendants removed the action to this Court. Dkt. 1. For the reasons stated in this Order, the action is REMANDED to the Riverside County Superior Court.

### II. Analysis

As a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

No federal question jurisdiction is present in this case. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a case to arise under federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated." *K2 Am. Corp. v. Roland Oil & Gas, LLC,* 653 F.3d 1024, 1029 (9th Cir. 2011) (internal quotations and citations omitted). In this case, Plaintiff's Unlawful Detainer complaint does not include a cause of action that arises under federal law. Unlawful Detainer actions, which concern the right to the possession of real property, arise under state law. Although Defendants seek to raise defenses that are based on federal laws, that is not a basis for federal question jurisdiction. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 10-12 (1983); *Wayne v. DHL Worldwide Express,* 294 F.3d 1179, 1183 (9th Cir. 2002).

Nor does this Court have diversity jurisdiction over this action. Diversity jurisdiction exists only where a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ED CV13-01275 JAK (SPx) | Date | August 28, 2013 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Jose M. Mendoza, et al. | | |

civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Complete diversity of citizenship is required: "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Here, the face of the Unlawful Detainer complaint seeks damages "less than $10,000." Dkt. 6, Exh. A, p. 1. Therefore, the amount in controversy does not meet the required amount for diversity jurisdiction, and for this reason there is no diversity jurisdiction.

Finally, this Court does not have civil rights jurisdiction over this action. Removal under 28 U.S.C. § 1443 is proper only when the removing party can meet a two-part test: "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (citing *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)). Here, the Notice of Removal fails to identify precisely which "statutory enactment protecting equal racial civil rights" Defendants assert as a defense to the Unlawful Detainer action. In addition, Defendants do not identify any particular state statute or constitutional provision that supports the inference that their civil rights will not be protected in the Superior Court. Defendants appear to assert that the procedures of non-judicial foreclosure deprive them of their rights, but this allegation is insufficient to justify removal under 28 U.S.C. § 1443.

### III. Conclusion

Because this Court does not have jurisdiction over this Unlawful Detainer action, the matter is REMANDED to the Riverside County Superior Court, Moreno Valley Courthouse, Case No. MVC 1301499.

**IT IS SO ORDERED.**

:

Initials of Preparer   ak